JOSEFA MOJICA, Plaintiff and Appellee, *v*. MARÍA GONZÁLEZ, Defendant and Appellant.

No. 5614.   Argued June 20, 1932.—Decided July 30, 1932.

*Angel A. Vázquez* and *Carlos D. Vázquez* for appellant.   *L. Muñoz Morales* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case where Antonio Sánchez Mojica, a bachelor, bought property of Hermenegildo Claudio and Benito Guil and put a mortgage on the same property in favor of Alicia Surís Cardona.   Antonio Sánchez Mojica died on the 24th of June, 1928, without a will and the plaintiff, Josefa Mojica, was declared to be his heiress.   In the complaint it was

alleged that the plaintiff had paid the taxes on the property, that María González was in possession of the property without the consent of the complainant, and enjoyed the same by sufferance, without paying any rental or other consideration whatever. The plaintiff, therefore, sought to dispossess the defendant by an unlawful detainer suit. The defendant answered saying that she had lived with Antonio Sánchez Mojica for eighteen years and that both of them had lived on the property the object of this suit; that the said property was bought with the money of the defendant although she agreed and consented that the title deed be put in the name of Antonio Sánchez Mojica; that she paid the taxes, also that the defendant filed a suit in the District Court of San Juan against the present plaintiff as mother and successor of Antonio Sánchez Mojica, wherein a decision was sought that the said property belonged to the defendant herein.

The District Court of San Juan found that the plaintiff had proved all the averments of the complaint while the defendant had not shown such a situation as would prevent the action of unlawful detainer. There was a single assignment urging that the court erred in saying that there was nothing to impede the action of unlawful detainer, inasmuch as the evidence tended to show that there was a conflict of titles.

Of course the mere existence of the concubinage could not create a conflict of titles. Perhaps if the defendant had brought evidence strong enough to convince the court that the property was hers although put in the name of Antonio Sánchez Mojica, a conflict of titles might have arisen. However, where a defendant alleges that the property was bought with his own money, there must be in favor of the defendant a doubt in the mind of the court as to the truth of this averment in order to defeat an action of unlawful detainer. Where there is a general finding in favor of a plaintiff, the defendant should convince us of manifest error on the part of the court.

Furthermore, we question whether the defendant having taken the action that she did and having put the property in the name of Antonio Sánchez Mojica, she would not have to prove that she did so with the clear idea on his part that the property was to belong not to him but to her.

The judgment should be affirmed.